IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

**THE CLAUDIA NELSON FAMILY TRUST, BY ELIZABETH A. SPANEL TRUSTEE**

    Plaintiffs,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

    Defendant.

---

## COMPLAINT

---

**COMES NOW** Elizabeth A. Spanel, Trustee of the Claudia Nelson Family Trust ("Trust" or "Plaintiff"), by and through its attorney Clinton P. Swift, of the law firm of Clinton P. Swift, LLC, and hereby files the Trust's Complaint against Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford" or "Defendant"). As grounds for the Complaint, the Trust would show unto the Court as follows:

1. This is a civil action for supplemental life insurance benefits owed to Plaintiff Trust arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. Seq.*, including 29 U.S.C. § 1132(a). Plaintiff seeks judicial review of Defendant's denial of its claim for supplemental life insurance benefits.

JURISDICTION AND VENUE

2. The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to ERISA, 29 U.S.C. § 1132§(e)(1).

3. Venue is proper in Colorado pursuant to ERISA, 29 U.S.C. § 1132 (e)(2) because Defendant Hartford does business in Colorado and has a registered agent in Colorado.

PARTIES

4. Plaintiff, The Claudia Nelson Family Trust, was formed under the laws of the State of Colorado. Elizabeth A. Spanel, trustee of the trust resides at 69 Marble, Unit G232, Edwards, Colorado.

5. Claudia Nelson was employed by Colorado Mountain News Media, a subsidiary of Swift Communications, Inc.(hereinafter "Swift"), whose office is located in Eagle, Colorado from April 23, 1998 until the time of her death in January 2013 as a copy editor. Claudia Nelson resided at 999 Gold Dust Drive, Edwards, Colorado until the time of her death.

6. Defendant, The Hartford Life and Accident Insurance Company, whose address is 200 Hopmeadow Street, Simsbury, Connecticut, issued its Certificate of Insurance, Policy Number GL-872957 to Swift Communications with an effective date of January 1, 2013 (hereinafter the "Policy"). The Policy, by its terms insured certain Basic Life Insurance and Supplemental Life Insurance benefits provided by Swift to its employees, including Claudia Nelson. The basic life insurance and supplemental life insurance benefits are and were at times relevant to the complaint employee welfare benefits, as the term is used in the Policy and Certificate of Insurance and as the term is defined and used in ERISA.

7. The Policy provides that Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy. Because Hartford has the discretion to determine eligibility for benefits and construe and

interpret all terms and provisions of the Policy, Hartford is a fiduciary pursuant to 29 U.S.C. § 1002(21).

8. By letter dated September 10, 2013 authored by Susan M. Serino, Senior Claim Analyst for Hartford, Hartford confirmed Claudia Nelson's eligibility for Basic Life coverage, with the beneficiary being the trustee of the Claudia Nelson Trust. Hartford subsequently paid the Basic Life amount pursuant to the terms of the Policy to the trustee of the Trust.

9. By letter dated July 16, 2013 authored by Susan M. Serino Hartford denied the Trust's claim for Supplemental Group Life Insurance claim.

10. On or about October 3, 2013 Jeffery Spanel, husband of Claudia Nelson called Jennifer Siegrist on behalf of the Trust. Jennifer Siegrist was the Examiner employed by the Hartford who administered Plaintiffs' claims for benefits. Mr. Spanel explained to Ms. Siegrist that that there was a delay appealing the Hartford's denial of the Trust's claim for Supplemental Life Insurance benefits due to the family's grief over the loss of Claudia Nelson and that the Trust had contacted three different law firms to represent the Trust in its appeal of the denial of benefits but that each firm had disqualified itself from handling the appeal after some considerable delay. Mr. Spanel further explained that the Trust's appeal was delayed due to difficulty in dealing with disputes over insurance coverage for claims associated with Claudia's most recent hospitalization. Mr. Spanel and the Trust were assured that the Hartford would consider any information submitted by the Trust in its appeal even though the time set forth in Hartford's letter of July 13, 2013 had passed, considering the circumstances encountered by the Trust and family members.

11. Plaintiff, throughout the course of the appeal, repeatedly requested that Hartford provide it with a complete copy of the Policy in order for it to fully and effectively respond to the

July 16, 2013 denial of the Trust's claim for supplemental Life Insurance Benefits. Plaintiff, by Mr. Spanel, wrote to Hartford on December 23, 2013 and January 13th and 14th 2014 again requesting a copy of the Policy in order for the Trust to respond Hartford's denial of benefits.

12. Plaintiff was finally able to retain counsel to handle its appeal. Counsel for Plaintiff wrote to Hartford by letter dated January 27, 2014 appealing Hartford's denial of Plaintiff's claim for Supplemental Life Insurance benefits under the Policy and again requested a complete copy of the Hartford Policy and Hartford's claim file.

13. Hartford, by letter dated February 10, 2014 authored by Ms. Mary Floyd, Senior Claim Analyst for the Hartford, denied Plaintiff's appeal of Hartford's denial of Group Life Supplemental Life Benefits on the sole basis that Plaintiff's appeals were late and would not be considered by Hartford. Hartford accepted premiums for Group Life Supplemental Life Benefits and has failed to return the premiums while at the same time denying coverage under the Policy.

14. By letter dated February 18, 2014 Hartford, for the first time, provided Plaintiff with a complete copy of the claim file and Hartford Policy.

STANDARD OF REVIEW

15. Defendant's denial letter of July 16, 2013 was based on an erroneous, arbitrary and capricious reading of the defined terms of the Policy, including but not limited to "Active Employee", "Actively at Work" "Effective Date" and "Deferred Effective Date" while at the same time ignoring other terms of the Policy and failing to give effect to the Family Medical Leave Act and Swift Communications' Extended Medical Leave Program, which required Claudia Nelson to exhaust her vacation time, personal leave time, and sick leave before beginning Family Medical Leave Act leave. Ms. Nelson was within the twelve week period of the Family Medical Leave Act provided for in the Policy and in accordance with applicable law

at the time of her death such that she was considered to be on regularly scheduled leave, sick leave, and personal leave and was considered, by the terms of the Policy, to be Actively at Work such that there was coverage under the Policy for Supplemental Life Insurance.

16. The acts and omissions by Hartford constitute procedural irregularities that are serious enough to reduce or dial back the administrative discretion allegedly reserved to Hartford, in a degree to be determined by the Court.

17. The acts and omissions of Hartford were arbitrary and capricious, subjecting Plaintiff to damages in the form of lost insured benefits and other remedies sought by Plaintiff in this case.

18. Any Plan term or clause purporting to provide administrative discretion or deference to determine eligibility or interpret the Plan is void pursuant to C.R.S. § 10-3-116. The statute makes mandatory a *de novo* review of the denial of employee welfare benefits.

## CLAIM FOR RELIEF

19. Pursuant to the terms and conditions of the Policy Defendant is responsible for the determination of the validity of Plaintiff's claim for benefits and is also responsible for paying any such claim. Defendant has an inherent and actual conflict of interest in the claims administration process in this case.

20. Defendant's denial of Plaintiffs claim for Supplemental Life Insurance Benefits on the sole basis that the appeal was untimely and was arbitrary and capricious.   Hartford's denial was contrary to Hartford's assurances to Plaintiff that it would consider the appeal. Hartford waived any deadline for Plaintiff to file an appeal.

21. Given Hartford's assurances and waiver of the deadline for Plaintiff to file an appeal, Plaintiff has exhausted its administrative remedies.

22. In the alternative, any appeal of Hartford's denial of Plaintiff's claim for Supplemental Life Insurance benefits would have been futile.

WHEREFORE, Plaintiff respectfully prays for an Order of this Court as follows:

1. Declaratory relief as may be appropriate, ordering Hartford to pay any and all Supplemental Life Insurance benefits to Plaintiff;

2. Order Hartford to pay prejudgment and/or other interest on benefits at the rate set by Colorado law or other applicable statute;

3. Order Hartford to pay *per diem* or other costs or damages applicable under ERISA;

4. Order Hartford to pay all court costs and expenses and the reasonable attorney fees of the Plaintiffs pursuant to ERISA and C.R.S. § 10-3-1116(1);

5. In the alternative, Order Hartford to return premiums collected; and

6. Such other and further relief as the Court deems just and proper.


Dated this ___ day of July, 2014.

                Respectfully Submitted,

                CLINTON P. SWIFT, LLC

                *s/ Clinton P. Swift*

                _____
                Clinton P. Swift, #7127
                Clinton P. Swift, LLC
                1298 Main Street, PMB#4211 Unit A
                Windsor, CO 80550
                (970) 460-0597
                swiftp@swiftlaw.org.
                ATTORNEY FOR PLAINTIFF